**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RICARDO DURAND,

    Plaintiff,                               CASE NO.:

-VS-

NORTHLAND GROUP, INC.,

    Defendant.

_____/

**COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

Plaintiff, RICARDO DURAND (hereinafter "Plaintiff" or "Mr. Durand"), hereby sues Defendant, NORTHLAND GROUP, INC. (hereinafter "Defendant"), and alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"), and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA").

**INTRODUCTION**

1.    The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

2.    The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4. The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5. Mr. Durand is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

6. Defendant is a corporation and debt collector providing debt collection services for credit grantors throughout the State of Florida.

7. All references to Defendant named herein shall also include Defendant's predecessors.

8. Mr. Durand obtained a loan through TD Auto Finance, LLC., and TD Auto Finance, LLC. assigned and/or sold the loan to Defendant.

9. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Violation of the FDCPA)

10. Mr. Durand realleges paragraphs one (1) through nine (9) above as if fully set forth herein.

11. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $5,000 but less than $15,000.00, exclusive of interest, court costs and attorneys' fees.

12. At all times material hereto: (a) Mr. Durand is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

13. Mr. Durand is a natural person obligated or allegedly obligated to pay monetary debt to Defendant that arose out of a transaction in which the money, property, insurance or service which are the subject of the transaction are primarily for personal, family or household purposes, namely the purchase of an automobile.

14. Defendant's conduct as set forth herein was intentional and made in furtherance of an attempt to collect upon a consumer debt.

15. Defendant regularly uses instrumentalities of commerce within the State of Florida, the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant regularly uses instrumentalities of commerce or the mails in its business, the principal purpose of which is the enforcement of security interests throughout Pasco County, Florida.

17. Defendant had actual or constructive knowledge of its conduct in settling and collecting upon consumer debts as alleged herein.

18. Beginning in September 2015 and continuing through March 2016, Defendant engaged in consumer debt collection activities against Mr. Durand in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

19. The Debt Collection Activity included sending multiple collection letters to Mr. Durand.

20. On or about September 18, 2015, Defendant sent a collection letter to Mr. Durand. A true and correct copy of the September 18, 2015 letter is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

21. On or about September 28, 2015, Mr. Durand, through his legal counsel, disputed the validity of the debt referenced in the September 18, 2015 collection letter. A true and correct copy of the September 28, 2015 letter is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

22. As Mr. Durand disputed the debt in writing within a thirty-day period, Defendant was required to cease collection of the debt until Defendant obtained verification of the debt or a copy of a judgment, or the name and address of the original creditor, and mailed a copy of such verification or judgment, or name and address of the original creditor to Mr. Durand.

23. Defendant continued its effort to collect on the debt without verifying its validity or otherwise complying with the requirements set forth in Paragraph 22 above.

24. On or about January 29, 2016, Defendant sent Mr. Durand another collection letter stating that "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume the debt is valid." A true and correct copy of the January 29, 2016 letter is attached hereto as Exhibit "C" and its contents are incorporated by reference herein.

25. Defendant sent the January 29, 2016 letter even though it had actual knowledge that Mr. Durand disputed the debt and Defendant had failed and refused to verify same.

26. Furthermore, the amounts demanded in the January 29, 2016 letter inexplicably increased from the September 18, 2015 letter.

27. On or about February 23, 2016, Mr. Durand, through his legal counsel, again disputed the validity of the debt and demanded that Defendant cease further contact with Mr. Durand. A true and correct copy of the February 23, 2016 letter is attached hereto as Exhibit "D" and its contents are incorporated by reference herein.

28. Defendant's Debt Collection Activity as described herein is a violation of the following provisions of 15 U.S.C. §1692(c)(a)(2), which states as follows:

> *§1692(c) (a)COMMUNICATION WITH THE CONSUMER GENERALLY-Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—*
> *(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer*

29. Defendant's Debt Collection Activity as described herein is a violation of the following provisions of 15 U.S.C. §1692(e)(2)(a), 15 U.S.C. §1692(e)(5), 15 U.S.C. §1692(e)(8), and 15 U.S.C. §1692(e)(10), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(2) The false representation of—*
> *(A)the character, amount, or legal status of any debt……*
>
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken*
>
> *(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

5

30. Defendant's Debt Collection Activity as described herein is a violation of the following provisions of 15 U.S.C. §1692(f)(1), which states as follows:

> *§1692 (f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

31. Defendant's Debt Collection Activity as described herein is a violation of the following provisions of 15 U.S.C. §1692(g)(a) and 15 U.S.C. §1692(g)(b), which provide respectively:

> *§1692(g)(a) NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*
> *(1) the amount of the debt;*
> *(2) the name of the creditor to whom the debt is owed;*
> *(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*
> *(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
> *(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor; and*
>
> *(b) DISPUTED DEBTS If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during*

> *the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

32. As a result of the Debt Collection Activity and Defendant's violation of the FDCPA as described herein, Mr. Durand has been injured.

33. Mr. Durand is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, RICARDO DURAND, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### Violation of Florida Statutes, Section 559.72 (FCCPA)

34. Mr. Durand realleges paragraphs one (1) through nine (9) above as if fully set forth herein.

35. This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), for damages in excess of $5,000.00 but less than $15,000.00, exclusive of interest, court costs and attorneys' fees.

36. At all times material hereto: (a) Mr. Durand is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

37. Mr. Durand is a natural person obligated or allegedly obligated to pay monetary debt to Defendant that arose out of a transaction in which the money, property, insurance or service

which are the subject of the transaction are primarily for personal, family or household purposes, namely the purchase of an automobile.

38. Defendant is a debt collector within the meaning of FCCPA.

39. Defendant's conduct as set forth herein was intentional and made in furtherance of an attempt to collect upon a consumer debt.

40. Defendant regularly uses instrumentalities of commerce within the State of Florida, the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

41. Defendant regularly uses instrumentalities of commerce or the mails in its business, the principal purpose of which is the enforcement of security interests throughout Pasco County, Florida.

42. Defendant had actual or constructive knowledge of its conduct in settling and collecting upon consumer debts as alleged herein.

43. Beginning in September 2015 and continuing through March 2016, Defendant engaged in consumer debt collection activities against Mr. Durand in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Activity").

44. The Debt Collection Activity included sending multiple collection letters.

45. On or about September 18, 2015, Defendant sent a collection letter to Mr. Durand. A true and correct copy of the September 18, 2015 letter is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

46. On or about September 28, 2015, Mr. Durand, through his legal counsel, disputed the validity of the debt. A true and correct copy of the September 28, 2015 letter is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

47. Defendant failed and refused to validate the debt.

48. On or about January 29, 2016, Defendant sent Mr. Durand another collection letter stating that "[u]nless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume the debt is valid." A true and correct copy of the January 29, 2016 letter is attached hereto as Exhibit "C" and its contents are incorporated by reference herein.

49. Defendant sent the January 29, 2016 letter even though it had actual knowledge that Mr. Durand disputed the debt.

50. Furthermore, the amounts demanded in the January 29, 2016 letter inexplicably increased from the September 18, 2015 letter.

51. On or about February 23, 2016, Mr. Durand, through his legal counsel, again disputed the validity of the debt and demanded that Defendant cease further contact with Mr. Durand. A true and correct copy of the February 23, 2016 letter is attached hereto as Exhibit "D" and its contents are incorporated by reference herein.

52. Defendant's Debt Collection Activity as described herein is a violation of the following provisions of Florida Statutes, § 559.72:

> *(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*
>
> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

> *(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.*

53. Defendant's conduct in settling and collecting on alleged consumer debts as described herein is a violation of Florida Statutes, § 559.72.

54. As a result of the Debt Collection Activity and Defendant's violation of the FCCPA, Mr. Durand has been damaged and Defendant is liable to Mr. Durand for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

55. Mr. Durand (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

Wherefore, Plaintiff, RICARDO DURAND, demands judgment against Defendant, NORTHLAND GROUP, INC., in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

STAMATAKIS + THALJI + BONANNO

By: / s / Sami Thalji
Sami Thalji, Esquire, Trial Counsel
Florida Bar No.:165913
Scott D. Stamatakis, Esquire

Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@MyInjury.com